IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO.   3:21-00109-05

AARON SCOTT MIDKIFF

MEMORANDUM OPINION AND ORDER

Pending is Defendant Aaron Scott Midkiff's *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and the November 1, 2023 amendments to the United States Sentencing Guidelines. ECF No. 810. For the following reasons, the Court **DENIES** the motion.

As relevant here, the 2023 amendments include a reduction in the number of "Status Points" a defendant receives under §4A1.1 of the Sentencing Guidelines. Under the prior version of §4A1.1, a defendant's criminal history score was increased by two points "if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S. Sentencing Guidelines Manual §4A1.1(d) (U.S. Sentencing Comm'n 2021). The amendment to §4A1.1, however, struck this version of subsection (d) and enacted a new subsection (e) that provides:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S. Sentencing Guidelines Manual §4A1.1(e) (U.S. Sentencing Comm'n 2023). In other words, if a defendant has six or fewer criminal history points, the defendant now receives no Status

Points. If the defendant has seven or more criminal history points, the defendant now receives one Status Point rather than two. Additionally, a defendant who has demonstrated good behavior and successful completion of programs over most of a period of incarceration may be considered for a sentence reduction.

In this case, Defendant pleaded guilty on November 22, 2021 to Possession with Intent to Distribute 50 grams or more of a Mixture and Substance Containing a Detectable amount of Methamphetamine in violation of 21 U.S.C. § 841(a)(1). The statutory penalties for this conviction were 5 to 40 years imprisonment, a $5,000,000 fine, at least 4 years of supervised release, and a $100 special assessment. At the Sentencing Hearing held on February 22, 2022, the Court found Defendant had committed the instant offense while he was under a criminal justice sentence and added two Status Points under §4A1.1(d), resulting in a total criminal history score of 14. Under the Sentencing Table, a total criminal history score of 13 or more is a Criminal History Category of VI. Given a Total Offense Level of 21 and a Criminal History Category of VI, Defendant's Guideline range was 77 to 96 months of imprisonment, 4 to 5 years of supervised release, and a fine of $15,000 to $5,000,000. After listening to the parties, the Court sentenced Defendant to a term of 77 months, 5 years of supervised release, and a $100 special assessment.

Defendant now seeks a reduced sentence pursuant to the retroactive application of §4A1.1(e). He also asks the Court to consider the fact he has participated in various rehabilitation programs while incarcerated. Although the Court agrees with Defendant that he is entitled to have his total criminal history score reduced from 14 to 13 points, it does not alter the fact he remains in the highest Criminal History Category of VI. Thus, Defendant's Guideline range remains exactly the same.

In considering Defendant's motion as a whole, the Court also observes that Defendant committed a serious drug offense involving the possession and distribution of a significant amount of methamphetamine in this District. Nevertheless, the Court sentenced Defendant to 77 months imprisonment, which was the bottom of the Guideline range. Although the Court commends Defendant for taking advantage of the various programs the Bureau of Prisons may offer him and encourages him to continue with those programs, the Court nonetheless finds his attempts to rehabilitate himself while incarcerated and the loss of one criminal history point fail to convince this Court that a variance below the Guideline range is warranted given the nature and circumstances of the offense, the history and characteristics of Defendant, and the needs for deterrence.

Accordingly, having reviewed Defendant's motion and the record in this case, the Court **DENIES** Defendant's motion to reduce his sentence.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 2, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE